UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIBEL VALDEZ, </br></br>    Plaintiff, </br></br> vs. </br></br> ECOLAB INC., </br></br>    Defendant. | ) </br> ) </br> ) </br> ) </br> ) Court File No. 1:08-cv-5235 </br> ) </br> ) </br> ) </br> ) |

**DEFENDANT ECOLAB INC.'S RESPONSE TO
THE COURT'S JUNE 11, 2008 ORDER TO SHOW CAUSE**

Defendant Ecolab Inc. for its Response to the Court's June 11, 2008 Order to Show Cause, hereby states as follows:

The procedure for removal is described at 28 U.S.C. § 1446. A party seeking removal based on diversity of citizenship must comply with two time restrictions. First, if the case is initially removable, the defendant must file a notice of removal within 30 days of formal service of the summons and complaint. If the case is not removable based upon the initial pleading, then the case must be removed within 30 days of ascertaining that the case is removable. Second, when diversity of citizenship is the basis of removal, the case must be removed within one year after service of process against the removing defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (service of process is the *sine qua non* to depriving a defendant's removal rights).

In *Murphy Bros., Inc.*, the Supreme Court held that ***informal*** service of a file-stamped complaint did not start the thirty-day period for removal under 28 U.S.C. § 1446(b). 526 U.S. 344 (1999). Rather, the removal period is triggered by receipt of the complaint through ***formal*** service of process.

In that case, the Supreme Court addressed whether "the named defendant must be officially summoned to appear in the action before the time to remove begins to run." 526 U.S. at 347. In that case, the plaintiff argued that the defendant's removal was untimely because it was completed more than 44 days after the defendant received a courtesy copy of the complaint, but within 30 days after formal service of process on the defendant. *Id.* The District Court rejected the plaintiff's argument, holding that service of process is required to start the time for removal. *Id.* at 349. The Eleventh Circuit reversed, holding that the time for removal started when the defendant received the courtesy copy of the complaint. The Supreme Court, however, reversed the Eleventh Circuit's judgment and held that the time for removal does not commence until service of process is completed, regardless of when the defendant ***receives*** the summons or complaint:

> Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant. At common law, the writ of *capias ad respondendum* directed the sheriff to secure the defendant's appearance by taking him into custody. The requirement that a defendant be brought into litigation by official service is the contemporary counterpart to that writ.

> In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercises power over a party the complaint names as a defendant. Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.

*Id.* at 350-51 (citations omitted).

Here, because Ecolab was never formally served Plaintiff's Complaint, yet removed the case to federal district court within 30-days of ascertaining its removability, it has timely removed and, therefore, remand is unwarranted.

On March 31, 2008, Plaintiff mailed a courtesy copy of the complaint to Ecolab's Legal Department in St. Paul, Minnesota. She did not formally serve process on Ecolab within the time proscribed under New York's service of process rules. C.P.L.R. § 306-B. Rather, the summons and complaint were simply mailed to Ecolab. This is ineffective service under New York rules. In fact, to date, Plaintiff has never formally served process on Ecolab.

According to the courtesy copy of the Complaint, the action was filed in the State of New York, County of New York on March 7, 2007. The courtesy copy contained two telephone numbers for Plaintiff's counsel: the telephone number on the cover letter was (212) 227-1767; the telephone number in the signature block of the Complaint was (212) 571-2623.

Ecolab attempted on several occasions to contact Plaintiff's attorney at both numbers identified in Plaintiff's correspondence. No return phone call was forthcoming, however. On March 31, 2008, Ecolab wrote to Plaintiff's counsel requesting a return

3

telephone call to discuss the case; however, Plaintiff's counsel did not respond to the written request.

Ecolab's counsel next contacted the New York Supreme Court in an attempt to identify the case with the Index Number referred to in Plaintiff's correspondence. The Supreme Court was unable to confirm any such Index Number. Ecolab next conducted a search of New York's electronic case filing system using Plaintiff's name, but were unable to confirm that any such case existed. In addition to checking New York County, Ecolab also contacted Queens and Bronx Counties.

Nevertheless, out of abundance of caution and to preserve certain affirmative defenses, Ecolab attempted to file an Answer in the New York County Supreme Court. Ecolab anticipated the Answer would be returned to us "not filed" because, as far as Ecolab could determine, no case existed under the Plaintiff's name or the Index Number. On **May 28, 2008**, however, Ecolab received notice from the New York County Supreme Court that it accepted Ecolab's Answer as "filed." A review of the New York Supreme Court's docket sheet confirms that no proof of service was ever filed as required by C.P.L.R. § 306-B. (See Docket Sheet, attached as Ex. 1.) Accordingly, it is respectfully asserted that **May 28, 2008** was the first date upon which it could be "first ascertained that the case is one which is, or has become removable" under 28 U.S.C. §1446(b). The Notice of Removal was promptly filed on June 6, 2008, within 30 days from when it could be "first ascertained" that the case is one which is removable.

WHEREFORE, Ecolab would hereby show that removal of this matter is proper pursuant to 28 U.S.C. §§ 1446(b) and respectfully requests that the Court retain and exercise jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1447.

Dated:  June 20, 2008

Respectfully submitted,

s/James S. Dobis

James S. Dobis (JD1425)
jdobis@drp-law.com
DOBIS, RUSSELL & PETERSON, P.C.
7 Elk Street, Lower Level
New York, NY 10007
Tel. (212) 593-3310
Fax (973) 740-2484

and

Ryan L. Nilsen
ryan.nilsen@bowmanandbrooke.com
Nathan J. Marcusen
nathan.marcusen@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Tel. (612) 339-8682
Fax (612) 672-3200

**ATTORNEYS FOR ECOLAB INC.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIBEL VALDEZ, | ) |
| Plaintiff, | ) |
| vs. | ) Court File No. 1:08-cv-5235 |
| ECOLAB INC., | ) |
| Defendant. | ) |

**DEFENDANT ECOLAB INC.'S RESPONSE TO
THE COURT'S JUNE 11, 2008 ORDER TO SHOW CAUSE**

Defendant Ecolab Inc. for its Response to the Court's June 11, 2008 Order to Show Cause, hereby states as follows:

The procedure for removal is described at 28 U.S.C. § 1446. A party seeking removal based on diversity of citizenship must comply with two time restrictions. First, if the case is initially removable, the defendant must file a notice of removal within 30 days of formal service of the summons and complaint. If the case is not removable based upon the initial pleading, then the case must be removed within 30 days of ascertaining that the case is removable. Second, when diversity of citizenship is the basis of removal, the case must be removed within one year after service of process against the removing defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (service of process is the *sine qua non* to depriving a defendant's removal rights).

In *Murphy Bros., Inc.*, the Supreme Court held that *informal* service of a file-stamped complaint did not start the thirty-day period for removal under 28 U.S.C. § 1446(b). 526 U.S. 344 (1999). Rather, the removal period is triggered by receipt of the complaint through *formal* service of process.

In that case, the Supreme Court addressed whether "the named defendant must be officially summoned to appear in the action before the time to remove begins to run." 526 U.S. at 347. In that case, the plaintiff argued that the defendant's removal was untimely because it was completed more than 44 days after the defendant received a courtesy copy of the complaint, but within 30 days after formal service of process on the defendant. *Id.* The District Court rejected the plaintiff's argument, holding that service of process is required to start the time for removal. *Id.* at 349. The Eleventh Circuit reversed, holding that the time for removal started when the defendant received the courtesy copy of the complaint. The Supreme Court, however, reversed the Eleventh Circuit's judgment and held that the time for removal does not commence until service of process is completed, regardless of when the defendant *receives* the summons or complaint:

> Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant. At common law, the writ of *capias ad respondendum* directed the sheriff to secure the defendant's appearance by taking him into custody. The requirement that a defendant be brought into litigation by official service is the contemporary counterpart to that writ.

> In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercises power over a party the complaint names as a defendant. Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.

*Id.* at 350-51 (citations omitted).

Here, because Ecolab was never formally served Plaintiff's Complaint, yet removed the case to federal district court within 30-days of ascertaining its removability, it has timely removed and, therefore, remand is unwarranted.

On March 31, 2008, Plaintiff mailed a courtesy copy of the complaint to Ecolab's Legal Department in St. Paul, Minnesota. She did not formally serve process on Ecolab within the time proscribed under New York's service of process rules. C.P.L.R. § 306-B. Rather, the summons and complaint were simply mailed to Ecolab. This is ineffective service under New York rules. In fact, to date, Plaintiff has never formally served process on Ecolab.

According to the courtesy copy of the Complaint, the action was filed in the State of New York, County of New York on March 7, 2007. The courtesy copy contained two telephone numbers for Plaintiff's counsel: the telephone number on the cover letter was (212) 227-1767; the telephone number in the signature block of the Complaint was (212) 571-2623.

Ecolab attempted on several occasions to contact Plaintiff's attorney at both numbers identified in Plaintiff's correspondence. No return phone call was forthcoming, however. On March 31, 2008, Ecolab wrote to Plaintiff's counsel requesting a return

3

telephone call to discuss the case; however, Plaintiff's counsel did not respond to the written request.

Ecolab's counsel next contacted the New York Supreme Court in an attempt to identify the case with the Index Number referred to in Plaintiff's correspondence. The Supreme Court was unable to confirm any such Index Number. Ecolab next conducted a search of New York's electronic case filing system using Plaintiff's name, but were unable to confirm that any such case existed. In addition to checking New York County, Ecolab also contacted Queens and Bronx Counties.

Nevertheless, out of abundance of caution and to preserve certain affirmative defenses, Ecolab attempted to file an Answer in the New York County Supreme Court. Ecolab anticipated the Answer would be returned to us "not filed" because, as far as Ecolab could determine, no case existed under the Plaintiff's name or the Index Number. On **May 28, 2008**, however, Ecolab received notice from the New York County Supreme Court that it accepted Ecolab's Answer as "filed." A review of the New York Supreme Court's docket sheet confirms that no proof of service was ever filed as required by C.P.L.R. § 306-B. (See Docket Sheet, attached as Ex. 1.) Accordingly, it is respectfully asserted that **May 28, 2008** was the first date upon which it could be "first ascertained that the case is one which is, or has become removable" under 28 U.S.C. §1446(b). The Notice of Removal was promptly filed on June 6, 2008, within 30 days from when it could be "first ascertained" that the case is one which is removable.

WHEREFORE, Ecolab would hereby show that removal of this matter is proper pursuant to 28 U.S.C. §§ 1446(b) and respectfully requests that the Court retain and exercise jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1447.

Dated: June 20, 2008

Respectfully submitted,

s/James S. Dobis

James S. Dobis (JD1425)
jdobis@drp-law.com
DOBIS, RUSSELL & PETERSON, P.C.
7 Elk Street, Lower Level
New York, NY 10007
Tel. (212) 593-3310
Fax (973) 740-2484

and

Ryan L. Nilsen
ryan.nilsen@bowmanandbrooke.com
Nathan J. Marcusen
nathan.marcusen@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Tel. (612) 339-8682
Fax (612) 672-3200

**ATTORNEYS FOR ECOLAB INC.**